JOHN SULLIVAN, APPELLANT, V. FURNAS COUNTY, APPELLEE.

FILED JANUARY 19, 1921. No. 21597.

1. Recognizance: FORFEITURE: LIABILITY. Where a recognizance in a penal sum named is entered into for the appearance of the principal in court on a day certain, and the principal fails to appear, the mere entry of the default and the declaration of forfeiture of the recognizance does not fix and determine the extent of the penalty to be exacted,

2. ———: ———: ———. In an action upon a forfeited recognizance, the court, in fixing the amount of penalty to be exacted, may, under section 9017, Rev. St. 1913, remit or reduce any part of the whole of such penalty, and may render judgment therein according to the circumstances of the case and the situation of the parties, and upon such terms and conditions as to the court shall seem just and reasonable.

3. ———: ———: ———. When the surety upon a forfeited recognizance pays into court the amount of the penalty named therein, under the mistaken belief that the amount of the penalty is fixed by the forfeiture, there is no consideration for the payment, and the county is not entitled to hold the money as against the rightful claimant.

APPEAL from the district court for Furnas county: CHARLES E. ELDRED, JUDGE. *Affirmed.*

*Lambe & Butler* and *Walter D. James,* for appellant.

*John Stevens, contra.*

DAY, J.

The district court for Furnas county sustained a demurrer to plaintiff's petition, and, plaintiff declining to plead further, his action was dismissed. Plaintiff has appealed.

The grounds of the demurrer were: That there is a defect of parties plaintiff; that there is a defect of parties defendant; and that the petition does not state facts sufficient to constitute a cause of action against the defendant.

The facts alleged in the petition, in so far as necessary to an understanding of the questions raised by the demurrer, are substantially as follows: On November 17, 1917, one Otis Sullivan, a son of the plaintiff, as principal, together with C. E. V. Smith, as surety, entered into a recognizance to the state of Nebraska, in the district court for Furnas county, in the penal sum of $500, conditioned that the said Otis Sullivan would be and appear before said district court on March 11, 1918, to answer to the charge of perjury, pending therein against him. A copy of the recognizance, which is in the usual form, is set out in the petition. On March 11, 1918, the said Otis Sullivan failed to appear in court as required by the terms of the recognizance, and on March 12, 1918, the court duly and regularly entered an order forfeiting the recognizance. It is alleged that before C. E. V. Smith entered into the recognizance as surety, the plaintiff deposited with him the sum of $500, the property of the plaintiff, for the purpose of indemnifying and holding the said C. E. V. Smith harmless from all liability, by reason of entering into the recognizance; that on April 25, 1918, the county attorney of Furnas county represented to said Smith that the district court had fully settled and determined his liability as surety on the recognizance, and had ordered and directed the said surety to pay to the clerk of the district court for Furnas county the sum of $500 in full settlement of such liability; that Smith, believing and relying upon the representations of the county attorney, and without the knowledge or consent of the plaintiff, paid to the clerk

of the district court for Furnas county the sum of $500, the property of the plaintiff; that said sum was paid without consideration and without authority of law, and is now held and retained by the defendant; that at the time Smith made the payment the district court for Furnas county had not fully settled and determined the liability of said Smith as surety, neither had it directed and ordered the said Smith to pay into the court the sum of $500, or any other amount, in satisfaction of such liability; that the only order which had been made in said cause was the order forfeiting the recognizance; that, had Smith known of the falsity of the representations of the county attorney, he would not have made the payment; that Otis Sullivan, the principal in said recognizance, died on October 11, 1918; that, after the death of Otis Sullivan, the district court for Furnas county refused to modify or vacate its order forfeiting said recognizance, and the order or forfeiture is in full force and effect.

It will be noted that the $500 in question was deposited by the plaintiff with Smith for the purpose of indemnifying and holding him harmless from all liability by reason of his suretyship. Up to this time the extent of Smith's liability has not been determined. The mere forfeiture of the recognizance is not a finding or determination of the extent of Smith's liability. At most, it is but a judicial determination of the failure of Otis Sullivan to appear in court as required by the terms of the recognizance. There may be circumstances which would amply justify the court in reducing the amount of the penalty to be exacted below the amount named in the bond. Section 9017, Rev. St. 1913, provides: "The court in which the action for the penalty of any forfeited recognizance is brought may remit or reduce any part of the whole of such penalty, and may render judgment therein according to the circumstances of the case and the situation of the party, and upon such terms and conditions as to such court shall seem just and reasonable."

The forfeiture of the recognizance is but one of the preliminary steps as a basis for an action, and is not a

judicial determination of the amount of penalty to be paid. It would seem, therefore, that at the time Smith paid the money into court neither Otis Sullivan nor Smith nor the plaintiff owed any amount to the county arising out of the forfeiture, and that there is no consideration which would give the county any claim on the money at this time.

As before stated, this money was deposited with Smith to hold him harmless against all liability by reason of his signing the recognizance. Until the extent of Smith's liability is determined, he has the right to have this sum held for his protection. He has not consented that the money be withdrawn, which was placed as security against his own liability. It may yet happen that Smith is held to respond for the penalty in the recognizance. If the plaintiff were successful in this action, and later Smith should be held to respond for the penalty in whole or in part, a situation would be presented in which, by action of the court, Smith has lost his security and the benefits of his contract of indemnity in an action in which he was not a party.

As we view it, the plaintiff has no greater rights against the county to the possession of this fund than he would have against Smith, and against the latter an action will not lie until the extent of Smith's liability has been determined, and the purpose for which the money was deposited has been fulfiled. Until then the plaintiff has no legal right to the fund.

It would seem, therefore, that the demurrer was rightly sustained. To straighten out this tangle, we deem it not out of place to suggest that the extent of any penalty to be exacted on the forfeited recognizance should first be determined by the court, and an action then brought, if necessary, in which all of the parties are brought in and their respective rights determined.

Under the state of the record, the plaintiff is not entitled to a return of the money at this time. The demurrer was, therefore, rightly sustained, and the judgment is

AFFIRMED.