STATE OF NEBRASKA, APPELLEE, v. JAMES G. V. INGOLDSBY, DEFENDANT: JOHN HAWBAKER ET AL., APPELLANTS.

FILED MARCH 22, 1924.   No. 23309.

**Recognizance:** FORFEITURE: DEFENSES. In this, an action against the sureties on a bail bond upon which the default of the principal had been taken and the bond declared forfeited in the forenoon of the day upon which he had been bound over to appear, and in which action the sureties defend on the grounds, that the default was prematurely taken, that the court had no jurisdiction to declare the forfeiture, and that therefore no cause of action had accrued upon the bond, *held*, that taking the default upon the day at which the defendant was recognized to appear was a mere irregularity and not a jurisdictional defect, and that the facts stated are no defense to the action.

APPEAL from the district court for Otoe county: JAMES T. BEGLEY, JUDGE. *Affirmed as modified.*

*D. W. Livingston,* for appellants.

*O. S. Spillman, Attorney General,* and *George H. Heinke, contra.*

Heard before MORRISSEY, C. J., LETTON, DAY and GOOD, JJ.

LETTON, J.

One Ingoldsby was arrested charged with a crime. In the county court he entered into a bail bond in the sum of $400, in the usual form, to secure his appearance on the first day of the next jury term of the district court for Otoe county, with defendants as sureties. An information was afterwards filed in the district court at the September, 1920, term, and the case was set for trial on February 14, 1921, at 10 o'clock a. m. This was the first day of the next regular jury term. On that day defendant was called three times in open court and made default. His bond was declared forfeited. This action is against the sureties on the bond.

The proof shows that there were a jury and witnesses in attendance on February 14. Defendant did not appear or answer during that term of court. On the part of the sureties it is shown that Ingoldsby was at that time charged with another crime, and was extradited from the state of Texas and placed in jail in Otoe county, in the early part of May, 1922. He was in the custody of the sheriff and the courts of that county for several months until conviction of the latter crime. In the present action judgment was rendered for the full amount of the penalty in the bond.

The principal errors assigned are that the court had no jurisdiction to forfeit the bond during the day upon which the defendant was bound over to appear, that he had the whole day in which to appear, and that the forfeiture, which was entered in the forenoon of the same day, was premature. Before the motion for a new trial was ruled upon, another motion was filed setting forth that Ingoldsby had been returned to the county for trial in another case without any expense to the state in the criminal proceeding

State v. Ingoldsby.

in which the bond was given, and moving the court to reduce the judgment to an amount that is warranted by the evidence. These motions were both overruled. We are of the opinion that the entry of default and the forfeiture of the bond early in the day upon which the defendant was bound over to appear, even if premature, was a mere irregularity and was not a jurisdictional defect (compare section 9157, Comp. St. 1922), and that the default, if erroneous, might have been corrected at any time during the term upon being called to the attention of the court by motion; that after the expiration of the term the same became final.

Defendant having been returned to the state and in the custody and control of the sheriff in Otoe county, on another charge, he might have been proceeded against upon the criminal charge in which the obligation of the defendants was given. Under section 10041, Comp. St. 1922, the trial court may remit or reduce the penalty and render judgment according to the circumstances of the case and the situation of the party, upon such terms as shall seem just and reasonable to such court. When the motion was made in this case to reduce the amount of the judgment on account of the facts above recited, we think the trial court should have taken the same into consideration and reduced the judgment accordingly. The county incurred some expense for telephoning and telegraphing; this should be paid. While the matter is largely within the discretion of the district court, we are of the opinion that a recovery of $100 on the bond is all the evidence fairly warrants. *Sullivan v. Furnas County*, 105 Neb. 564. The judgment of the district court is therefore modified and reduced so as to stand, as of the date it was rendered, at the sum of $100 against defendants. As thus modified, the judgment is affirmed.

AFFIRMED AS MODIFIED.